

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00304-CV

———————————————

DULCE PAM BELTRAN PULLEN, Appellant

V.

ADAM R. PULLEN, Appellee

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-725260-22

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

This is an appeal from a final decree of divorce signed on March 28, 2025. On January 26, 2026, the parties were notified that this matter would be submitted on Tuesday, February 24, 2026. Although the court was not informed that the parties were engaged in settlement discussions, on Friday, February 20, 2026, Appellant Dulce Pam Beltran Pullen filed an "Unopposed Motion to Set Aside Judgment and Remand" and attached a "Partial Settlement Agreement."

Pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(B), the parties have requested that we "set aside the division of property and remand for the trial court to render a new division of property." *See* Tex. R. App. P. 42.1(a)(2)(B); *cf. Stampede TX Energy, LLC v. Bridgetex Pipeline Co.*, No. 01-18-00113-CV, 2019 WL 758003, at *1 (Tex. App.—Houston [1st Dist.] Feb. 21, 2019, no pet.) (per curiam) (mem. op.) (granting motion to set aside the trial court's judgment without regard to the merits and remanding to the trial court for rendition of judgment). No opinion has issued in this appeal. *See* Tex. R. App. P. 42.1(c).

We grant the "Unopposed Motion to Set Aside Judgment and Remand." We affirm the portion of the final decree granting the divorce and the unchallenged orders within the final decree concerning conservatorship, possession and access, child support, and medical support. *See In re Marriage of Cruey*, No. 12-24-00159-CV, 2025 WL 2416806, at *11 n.7 (Tex. App.—Tyler Aug. 20, 2025, no pet.) (mem. op.) (stating that while the issue of divorce cannot be severed from a parties' estate

2

division in the trial court, where neither party attacks the decretal portion of the judgment granting divorce, the appellate court may affirm the divorce and reverse and remand the property division); *Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.) (reversing and remanding property division but affirming divorce judgment in all other respects, including the granting of the divorce and the orders concerning conservatorship, possession and access, child support, and medical support). We set aside the terms of the final decree that address division of the marital estate, including determining and confirming separate property, without regard to the merits, and we remand the case to the trial court to make a new property division. *See* Tex. R. App. P. 42.1(a)(2)(B), 43.2(a), (d).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 26, 2026

3